[No. 12635.   Department Two. — May 31, 1890.]

## M. THOMAS, APPELLANT, v. G. W. BLACK, ADMINISTRATOR, ETC., RESPONDENT.

REPLEVIN OF PROPERTY SEIZED UNDER EXECUTION — FRAUDULENT SALE — IRRELEVANT EVIDENCE TO INFLAME JURY. — In an action for the recovery of personal property seized under execution, where the defense rests upon an alleged fraudulent sale from the judgment creditor to the plaintiff, evidence not bearing on the question of whether the alleged sale was valid, and which is designed to prejudice the plaintiff's case by inflaming the minds of the jury against his asserted grantor, is inadmissible, and its admission is ground for a new trial.

ID. — SEIZURE OF PROPERTY UNDER JUDGMENT OF DIVORCE — EVIDENCE OF CRUELTY. — Where the property in dispute in such action was seized as the property of the husband, under a money judgment rendered in favor of the wife in a suit for divorce, it is incompetent to prove that the husband had transmitted to his wife a loathsome disease and committed other acts of cruelty against her during the marriage.

ID. — FRAUDULENT SALE — ANSWER — AVERMENTS OF FRAUD AND INSUFFICIENCY OF PROPERTY — OBJECTION UPON APPEAL FOR FIRST TIME. — An objection cannot be taken upon appeal for the first time that the answer in such action does not contain a sufficient statement of the facts which constitute the alleged fraud, and the hindering of the creditor in the sale to plaintiff, and that it does not state that the property in question was the only property out of which the execution might have been satisfied, if both parties introduced evidence in the court below, without objection, on the issue of fraud, and as to the point whether the judgment debtor had other property.

ID. — EVIDENCE — DECLARATIONS OF VENDOR AFTER SALE. — The declarations of a vendor made after the sale are not admissible in evidence as against the vendee to impeach the sale.

DEPOSITIONS — CONDITION OF CONTINUANCE. — There may be a valid condition to the granting of a continuance that the testimony of witnesses in attendence shall be taken at the time by and before the court, in the

form of depositions; but such depositions must be taken, subscribed, and certified in the manner prescribed by the code, else they cannot be used upon the subsequent trial of the cause.

ID. — EVIDENCE TAKEN BY SHORT-HAND REPORTER. — The notes of testimony of such witnesses taken down by the short-hand reporter in the presence of the court, at the time of the granting of the continuance, but not read over to the witnesses, or corrected or signed by them, nor certified by the reporter or by any other person, are lacking in the essential elements of a deposition, and the uncertified transcript of such notes is not admissible upon the trial.

APPEAL from a judgment of the Superior Court of San Benito County, and from an order denying a new trial.

The declarations of Joaquin Serpa, made after the sale to plaintiff, referred to in the opinion, were to the effect that he would see that his wife got nothing; that if his wife would live with him he would get the property back; that he had sold the property, but had n't got any money for it, and had told one of the witnesses who testified to his declaration not to tell anybody what he had said. The further facts are stated in the opinion of the court.

*John L. Hudner*, and *M. T. Dooling*, for Appellant.

The answer is insufficient, because the facts constituting the fraud are not specifically stated, and the answer does not allege that there is no other property of the debtor subject to execution. (*Albertoli* v. *Branham*, 80 Cal. 631; *Harris* v. *Taylor*, 15 Cal. 348.) The reporter's notes of testimony were not admissible, and did not constitute a proper deposition. (*Dye* v. *Bailey*, 2 Cal. 383; *Williams* v. *Chadbourne*, 6 Cal. 560; Code Civ. Proc., secs. 273, 2032, 2035.) The declarations of Serpa after the sale were inadmissible. (*Cohn* v. *Mulford*, 15 Cal. 51; *Jones* v. *Morse*, 36 Cal. 207; *Walden* v. *Purvis*, 73 Cal. 518; *People* v. *Irwin*, 77 Cal. 494; *Hutchings* v. *Castle*, 48 Cal. 152; *Tompkins* v. *Crane*, 50 Cal. 478; *Winchester & Co.* v. *Creary*, 116 U. S. 161; *Visher* v. *Webster*, 13 Cal. 58; *Gallagher* v. *Williamson*, 23 Cal. 331; 83 Am. Dec.

114; *Galland* v. *Jackman*, 26 Cal. 87; 85 Am. Dec. 172; *Whitney* v. *Durkin*, 48 Cal. 462; *Gorlich* v. *Bowers*, 66 Cal. 122; *Briswolter* v. *Polomores*, 66 Cal. 259; *Taylor* v. *Central Pacific R. R. Co.*, 67 Cal. 615; *Roberts* v. *Medbery*, 132 Mass. 100; *Clarke* v. *Waite*, 12 Mass. 438; *Winchester* v. *Carter*, 97 Mass. 140; *Holbrook* v. *Holbrook*, 113 Mass. 74; *Sanford* v. *Ellithorp*, 95 N. Y. 48; *Perkins* v. *Towle*, 59 N. H. 583.)

*N. C. Briggs*, for Respondent.

The objections urged to the answer cannot be considered in this court for the first time, the case having been tried as if the answer was sufficient. (*Schluter* v. *Harvey*, 65 Cal. 159; *Blasingame* v. *Home Ins. Co.*, 75 Cal. 637; *People* v. *Reis*, 76 Cal. 272; *Smith* v. *Penny*, 44 Cal. 161; *Scott* v. *Sierra Lumber Co.*, 67 Cal. 75; *Yik Hon* v. *Spring Valley Water Works*, 65 Cal. 620; *McKay* v. *Riley*, 65 Cal. 624; *Crowley* v. *City R. R. Co.*, 60 Cal. 630; *Cave* v. *Crafts*, 53 Cal. 141; *Wedel* v. *Herman*, 59 Cal. 507; *Erkins* v. *Ayer*, 58 Cal. 310; *Riser* v. *Walton*, 78 Cal. 490.) The testimony was properly taken at the time of the continuance. (Code Civ. Proc., sec. 596.) The declarations of Serpa after the sale were admissible, because it appears that there was a fraudulent conspiracy, and that appellant was but the tool of Serpa, and his declarations were part of the *res gestæ* of the conspiracy. (Code Civ. Proc., sec. 1850; *Davis* v. *Drew*, 58 Cal. 158; *People* v. *Brotherton*, 47 Cal. 389, 400.)

McFARLAND, J. — This is an action to recover certain personal property (or its value), alleged to have been purchased by plaintiff from one Joaquin S. Serpa. Maria L. Serpa, former wife of said Joaquin, had obtained a divorce from the latter, and a judgment for $290, as costs, attorney's fees, etc. On this judgment an execution had issued, and the original defendant, Ross (now deceased), as sheriff, had, under said execution, levied

on said personal property as the property of said Joaquin, when this action was commenced by plaintiff, and the property replevied from the sheriff. Defendant averred that the property was the property of said Joaquin, and that the attempted sale from Joaquin to plaintiff was fraudulent, and for the purpose of hindering and defrauding said Maria, etc. The verdict and judgment were for defendant, and plaintiff appeals from the judgment, and from an order denying a new trial. In the mean time Ross died, and his administrator was substituted as defendant.

The respondent was allowed, over the objections of appellant, to prove by three different witnesses that when Joaquin Serpa was married to his wife Maria he had a loathsome private disease; that he married her for the purpose of curing himself by transmitting the disease to her; that such was the result of the marriage; and also that during the marriage he cursed, kicked, and struck his wife. It is quite evident that the allowance of this testimony was error. It had no bearing on the question whether the alleged sale from Joaquin to plaintiff was valid, and it clearly prejudiced plaintiff's case by inflaming the minds of the jury against his asserted grantor. For this reason a new trial must be granted.

There are one or two other questions to be noticed. Appellant contends that the answer does not contain a sufficient statement of the facts which constitute the fraud and the hindering the creditor, and particularly that it does not state that the property in question was the only property of Joaquin out of which the execution might have been satisfied. But no question of that kind was raised in the court below; and both parties introduced evidence, without objection, on the issue of fraud, and as to the point whether Joaquin had other property. Under these circumstances, we would not reverse the judgment for this objection to the answer raised here for the first time.

Some declarations of Joaquin, made after the sale, were improperly admitted.

The testimony of the witnesses M. V. Silva and Frank Martin was improperly admitted. The case had been set for trial for March 23d; but on March 21st the court, at plaintiff's instance, made another order setting it for April 6th. On March 23d the defendant came into court with the witnesses Silva and Martin, and insisted that the trial should proceed, and that if it should be continued the testimony of the said witnesses should be taken in the form of depositions, because the real defendant was poor and could not get the witnesses there again. Thereupon the court set aside the order resetting the trial for April 6th, and ordered that the case be continued until April 6th, and that, as a condition of the continuance, the testimony of said two witnesses "be taken at this time by and before the court, in the form of a deposition, by questions and answers, and that the evidence be taken by the short-hand reporter." To all of this plaintiff objected. The testimony of the two witnesses was then taken by the short-hand reporter, but was not read over to the witnesses, or corrected or signed by them. On the·trial of the case, which was before a jury, a transcript of this testimony, or what purported to be such a transcript, but not certified by the reporter or by any other person, was offered in evidence, and admitted over plaintiff's objections that it had not been read to the witnesses, nor subscribed by them, nor certified by the officer taking the depositions, as required by the code, nor certified by the reporter as a correct transcript of his notes. There no doubt can be a valid condition to a continuance that the testimony of witnesses in attendance shall be taken; but this must be done in the manner prescribed by the code. And the code (Code Civ. Proc., sec. 596) provides that the testimony must be taken "*by deposition* before a judge or clerk of the court in which the case is pending or

before such notary public as the court may indicate."
In the case at bar the transcript admitted in evidence
lacked the essential elements of a "deposition" as de-
fined by the code. It was not certified or authenticated
in any way whatever, and the witnesses had no oppor-
tunity to correct it. The jury before whom the case
was afterward tried did not see the witnesses, and could
have no assurance that the document presented con-
tained a true statement of their testimony; and we can
see no tenable ground upon which the document could
have been admitted. The testimony of these witnesses
was not taken as part of the trial, which was not com-
menced until April 6th, and was had before a jury, which
was not impaneled until the latter date.

Judgment and order reversed, and cause remanded
for a new trial.

SHARPSTEIN, J., and FOX, J., concurred.