[Civ. No. 800.    Third Appellate District.—February 23, 1911.]

## A. H. CARPENTER, Appellant, v. A. H. ASHLEY et al., Respondents.

ACTION FOR MALICIOUS PROSECUTION—REFUSAL OF MOTION OF PLAINTIFF TO CHANGE VENUE—IMPROPER INFLUENCE OF DEFENDANT—CONFLICTING AFFIDAVITS—REVIEW UPON APPEAL.—Where the plaintiff in an action for malicious prosecution moved to change the place of trial from the place of residence of both parties, on the ground that no fair trial can be had within the county, owing to the improper influence of defendants over any jury, and over the citizens of the county, where the affidavits are substantially conflicting as to the existence of such improper influence, the order refusing the motion cannot be disturbed upon appeal.

ID.—MALICE AND WANT OF PROBABLE CAUSE—BURDEN OF PROOF UPON PLAINTIFF.—In an action for malicious prosecution the burden is upon the plaintiff to prove both malice and want of probable cause on the part of the defendants.

ID.—NATURE OF PROBABLE CAUSE—QUESTIONS OF LAW AND FACT.—Probable cause is a suspicion founded upon circumstances sufficiently strong to warrant a reasonable man in saying that the charge is true. What circumstances amount to probable cause is a pure question of law, but whether they exist or not in any particular case is a pure question of fact.

ID.—PROSECUTION FOR PERJURY IN CIVIL ACTION—VERDICT OF NOT GUILTY—WANT OF PROBABLE CAUSE OF PROSECUTING OFFICERS NOT SHOWN.—Where the action for malicious prosecution is brought against a prosecuting attorney and his deputy, who prosecuted plaintiff upon a charge of· perjury, upon the trial of which he was acquitted, it is held, upon a review of the evidence, that a want of probable cause for the prosecution is not shown, but that, on the contrary, it reveals sufficient facts and circumstances known to the defendants to constitute reasonable grounds for believing that the charge of perjury was true.

ID.—ACTIONS FOR MALICIOUS PROSECUTIONS NOT FAVORED IN LAW—WHEN UPHELD.—Actions for malicious prosecution are not favored

in law, although they have been readily upheld when the proper elements have been presented.

ID.—ARREST AND PROSECUTION IN GOOD FAITH—MERE ACQUITTAL NOT GROUND FOR DAMAGES.—Where an arrest and prosecution of a defendant by a prosecuting officer or by any citizen is made in good faith, with reasonable grounds to believe that an offense has been committed, he is not to be subjected to damages merely because the accused is not convicted.

ID.—EVIDENCE—JUDGMENT-ROLL IN PROSECUTION IMMATERIAL—INCARCERATION ADMITTED.—Where the incarceration of the defendant is admitted, the judgment-roll in the prosecution for perjury was immaterial.

ID.—JUDGMENT-ROLL IN CIVIL ACTION—MATERIALITY OF TESTIMONY.—Where the judgment-roll in the civil action was read to show the immateriality of the testimony to the issue if it were immaterial, it would show a want of probable cause for the prosecution, but it being in fact material to the issue, the evidence failed to show a want of probable cause, but established that there was probable cause for the prosecution.

ID.—FACTS LEADING TO CIVIL SUIT IMMATERIAL.—The court properly excluded evidence of the facts leading up to the institution of the civil suit in which the alleged perjury was committed, as being immaterial.

ID.—EVIDENCE OF WITNESS PRESENTED TO GRAND JURY—ADMISSION OF CORRECTNESS IN TRANSCRIPT.—The appellant cannot object to testimony of a witness read before the grand jury, where he admits the correctness of such evidence as set forth in the transcript, which shows that it was proper to be considered by the grand jury upon the question of probable cause.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial. F. H. Smith, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellant.

C. L. Neumiller, A. H. Ashley, and George F. McNoble, for Respondents.

BURNETT, J.—The action was brought by an attorney at law against two other attorneys for malicious prosecution and conspiracy, whereby, it is alleged in the complaint, said defendants "corruptly, maliciously and without probable or any

cause prosecuted plaintiff before the grand jury and before a trial jury in the superior court for the crime of perjury,'' securing an indictment for said offense and subjecting the defendant therein to the expense, annoyance and ignominy of a public trial lasting five days and resulting in his acquittal. Every allegation in the complaint impugning the motive or challenging the good faith of defendants or charging the want of probable cause for said prosecution is denied in the answer. There was a demand and motion for a change of venue on the part of plaintiff, supported by his affidavit, in which some startling and rather grotesque accusations are made against the defendants, to the effect that ''they are and were skilled in the art of securing verdicts and manipulating the members of the panel, and aside from such skilled manipulations, they exercised such influence and power over the citizens who were or might be called to pass upon their conduct as to make it impossible for plaintiff or anyone else to get a fair trial where they were parties to the action.'' But, conceding that plaintiff's strange averments are not inherently improbable and that his affidavit should be accorded the same consideration as that of any other person, it is sufficient to say that every suggestion therein of improper influence is positively denied and every implication of bias or prejudice on the part of the citizens of the county is expressly negatived in the counter-affidavits filed by defendants and used at the hearing of the motion. Under the familiar rule of conflicting evidence, therefore, it is unquestionable that the order denying the application for a change of the place of trial cannot be disturbed.

It is stated by appellant that ''after the denial of said motion the plaintiff, having had the personal experience of the defendants' skill in securing verdicts, waived a jury, and the case was tried by the court, who promptly gave judgment to the defendants on their motion for a nonsuit.'' Appellant does not complain, apparently, so much that the judgment was given ''promptly'' as he deplores the mistake he made in assuming that the great skill of defendants could not influence the court to decide at all against the law and the evidence.

Be that as it may, the legal principles involved are well established, and may be stated in the language of the supreme

court, as they have been thoroughly considered and clearly enunciated in the three following cases: *Ball* v. *Rawles,* 93 Cal. 222, [27 Am. St. Rep. 174, 28 Pac. 937] ; *Davis* v. *Pacific Tel. etc. Co.,* 127 Cal. 312, [57 Pac. 764, 59 Pac. 698], and *Booraem* v. *Potter Hotel Co.,* 154 Cal. 99, [97 Pac. 65]. "It is incumbent upon the plaintiff, and the burden of proof is upon him in an action of this kind, to prove both malice and want of probable cause." "Probable cause is a suspicion founded upon circumstances sufficiently strong to warrant a reasonable man in the belief that the charge is true." "What facts and circumstances amount to probable cause is a pure question of law. Whether they exist or not in any particular case is a pure question of fact. The former is exclusively for the court, the latter for the jury."

With these elementary principles in view, we deem it unnecessary to go beyond an examination of the question of probable cause for said prosecution.

The evidence introduced by plaintiff included his indictment by the grand jury on June 10, 1901, for perjury alleged to have been committed on May 31, 1900, and the record of his trial thereon resulting in a verdict of not guilty. The indictment was based upon the testimony of plaintiff given at the trial of the cause of *McGorray* v. *Robinson* in the superior court of San Joaquin county, to the effect that "he the said A. H. Carpenter, on or about the blank day of January, 1892, sent by mail to Bernard McGorray at Rochester, New York, the deed, meaning thereby a certain deed"—describing a deed to the property, the title to which was involved in the said suit of *McGorray* v. *Robinson,* said deed purporting to convey said property to Bernard McGorray by Stephen W. McGorray and "signed, sealed and delivered in the presence of A. H. Carpenter," and acknowledged before J. H. Tam, a notary public, on the twenty-ninth day of December, 1891. The pleadings in said cause of *McGorray* v. *Robinson,* consisting of the complaint, answer and cross-complaint and answer to the cross-complaint, were then offered by plaintiff and received in evidence. The verified complaint therein was filed, it appears, on November 15, 1899, and therein it was alleged that "plaintiff is now and for more than seven years last past has been the owner in fee" of the land described. The verified answer and cross-complaint was filed December

21, 1899, in which, among other things, it was denied that
plaintiff ever had been the owner of any of the property de-
scribed in the complaint. To the cross-complaint the plaintiff,
on January 20, 1900, filed an answer in which he alleged that
"he is now and always has been since the twenty-ninth day
of December, 1891, the owner in fee of all the real property
described in the complaint." It was further shown herein
by the evidence that at the trial of the said McGorray case,
H. T. Fee, a deputy county recorder of San Joaquin county,
produced and read in evidence, from volume 72 of deeds of
said county, the record of the deed set out in the indictment;
that Bernard McGorray, who was plaintiff in that case and
grantee in said deed, and who was a client of plaintiff herein,
testified that the recorded deed had been sent by its grantor
(Stephen McGorray) to and received by him (Bernard)
through the mail, at Rochester, New York, in 1892; that he
then and there saw upon it the recorder's marks or certificate
and the acknowledgment certificate of the notary; "that he
knew the deed was made in December, 1891, and his only man-
ual receipt thereof was so by mail"; that thereafter, at the
said McGorray trial, Carpenter (plaintiff herein) testified that
he drew the deed and witnessed it; that he had it recorded;
that furthermore he testified: "I am sure of this, that the en-
velope—it was inclosed in a long envelope, and it was my en-
velope, and I am sure that I backed it and Mr. McGorray may
have put it in a letter, in with the deed, I don't know, it is so
long ago, have forgotten," and he was sure that it was sent to
McGorray at Rochester; that thereafter the cross-complain-
ants called Deputy Recorder Eschback, who brought with him
said deed and testified that it had not been out of the re-
corder's possession after it was filed for record. Afterward
Mr. Carpenter had himself recalled, and he testified that the
deed he sent might have been a prior deed executed in 1883,
but it appeared that the said deed of 1891 was the only one
that had ever been recorded. It is true that Mr. Carpenter,
in one portion of his testimony, declared it to be his impression
that he had sent the deed, in another portion that such was
his recollection, but it is a fair inference from all his testi-
mony that he intended to have the court understand that he
had mailed this identical deed to Bernard McGorray at
Rochester, New York. From the foregoing it follows that Mr.

Ashley had probable cause for believing: 1. That the testimony of Mr. Carpenter in the trial of said cause of *McGorray* v. *Robinson* was material to the issue involved in said action. This is indeed clear, since the litigation directly concerned the ownership of a certain tract of land and plaintiff claimed under said deed of 1891, and the testimony of Carpenter related to the delivery of said deed. It is true that, in a separate defense to the action, it was averred that the said deed was executed and delivered in trust; but inconsistent defenses are permitted under our practice, and it is manifest that the denial of ownership hereinbefore quoted raised an issue as to the delivery of the deed. 2. That the testimony of said Carpenter was false, being contradicted by the testimony of said Deputy Recorder Eschback, and of Bernard McGorray, who testified that he received the said deed through the mail in an envelope addressed in the handwriting of his brother Stephen. There are other inconsistencies also revealed in the testimony at said trial, which we deem unnecessary to notice specifically, tending to discredit said testimony of Carpenter. Mr. Ashley then having probable cause to believe that false testimony was given by Carpenter on a material matter in the trial of an action, it is reasonable to conclude that said Ashley actually did believe that such testimony was given, that it was willful and that perjury was therefore committed. Being district attorney of the county, it is reasonable and just, therefore, to conclude that Ashley considered it his duty—and *so believing,* it was his duty—to present the matter to the grand jury, and, in case of indictment, to prosecute Carpenter for the crime of perjury. It was accordingly presented to the grand jury with a transcript of the testimony taken at the said trial of *McGorray* v. *Robinson,* and it appears also that Mr. Carpenter testified before the grand jury, going over, as he says, "the entire ground," and furthermore, that Mr. Ashley advised the grand jury that the evidence was sufficient to constitute the crime of perjury on the part of Carpenter, and therefore to indict him.

Without intimating in the slightest degree an opinion as to the guilt or innocence of Mr. Carpenter of the charge against him, we have no hesitation in saying that the showing made by plaintiff at the trial herein not only failed to disclose the want of probable cause for his prosecution by the

district attorney and his codefendant, George F. McNoble, who was the assistant district attorney, but, to the contrary, in the attempt to establish his case, plaintiff's evidence revealed sufficient facts and circumstances, known to the defendants, to constitute, so we must hold, reasonable grounds for believing that the charge made against the plaintiff was true.

It is well to remember, also, that the evidence against the plaintiff must be viewed here in the light of the following familiar principles, that "actions for malicious prosecution have never been favored in law, although they have been readily upheld when the proper elements therefor have been presented. It is for the best interests of society that those who offend against the laws shall be promptly punished, and that every citizen who has good reason to believe that the law has been violated shall have the right to cause the arrest of the offender. For the purpose of protecting him in so doing, it is the established rule that if he have reasonable grounds for his belief, and act thereon in good faith in causing the arrest, he shall not be subjected to damages merely because the accused is not convicted.'' (*Ball* v. *Rawles, supra.*) There was no error in the court's ruling sustaining an objection to the introduction in evidence of the record in the case of the *People* v. *A. H. Carpenter* on a charge of subornation of perjury. It was offered only for the purpose of showing on account of the imprisonment of plaintiff that the statute of limitations had not run against the present action. The evidence was unnecessary by reason of the failure of defendants in their answer to deny the allegation as to the imprisonment and, in addition, it may be said, the incarceration was admitted in open court.

Plaintiff offered in evidence the judgment-roll in the said case of *Bernard McGorray* v. *Kate Robinson,* for the purpose of showing that, under the issues therein made, his alleged false testimony was entirely immaterial. Manifestly, this was a circumstance of importance. If the testimony was entirely immaterial, it could not be made the basis for a charge of perjury. Upon the hypothesis that it was immaterial, since the evidence upon a motion for a nonsuit must be construed as favorably for the plaintiff as possible, the inference would have to be indulged that the district attorney knew or believed it was immaterial. Hence, it would be evidence that

the prosecution was instituted without probable cause. The court, therefore, committed a technical error in admitting the judgment-roll only for the purpose of showing that there was such a case. The error, however, was without prejudice, for the reason that on the cross-examination of plaintiff the pleadings were read into the record without restriction, and besides, the pleadings show, as we have already seen, that the testimony of plaintiff *was* material.

Appellant complains because the court overruled his objection to the two following questions asked on cross-examination of the witness J. A. Plummer: "Mr. Ashley was then district attorney of this county?" and "Mr. George F. McNoble was assistant district attorney?" The witness, who was counsel for the defendant in the trial of the perjury charge, had testified in his direct examination that "Mr. Ashley and Mr. McNoble acted as attorneys for the people in that case." Hence, said questions were proper cross-examination. But the contention is little short of frivolous, because plaintiff alleges in his complaint that Arthur H. Ashley was the district attorney and George F. McNoble the assistant district attorney of the county.

The court was clearly right in sustaining defendants' objection to the question asked of Bernard McGorray: "You may state the facts that led to the institution of that suit that is entitled *Bernard McGorray* v. *Kate Robinson.*" The answer to the question could have no bearing whatever upon the materiality of plaintiff's testimony in the cause, and the facts that induced McGorray to bring this suit would not be evidence of the motives of these defendants in the prosecution of plaintiff.

To the offer of the testimony of F. Eschback, given upon the trial of *McGorray* v. *Robinson*, which was presented to the consideration of the grand jury, plaintiff objected upon the ground that it was "incompetent, irrelevant, immaterial and cannot be proven in that way." Reliance is had upon the cases of *Reid* v. *Reid*, 73 Cal. 206, [14 Pac. 781], and *Thomas* v. *Black*, 84 Cal. 221, [23 Pac. 1037]. In the former it was held that "under section 273 of the Code of Civil Procedure, the stenographer's transcript of the testimony, in a civil case, given by a party in a prior action, although certified to by the stenographer as being correct, is not admissible in a subse-

quent action as evidence of what he said on the former trial.'' In the Thomas case, *supra,* the deposition sought to be introduced was not certified or authenticated in any way whatever, and the witness had no opportunity to correct it.  The cases are not in point here, however, for the reason that appellant admitted that the transcript contained a correct statement of the testimony of the witness.  It required no further authentication.  It was proper to introduce it in evidence as the testimony of the witness in the trial of the McGorray case, and, as read before the grand jury, constituted an important circumstance in the consideration of the question of probable cause.  Appellant also urges in his brief that it was ''not cross-examination,'' but no such objection was made at the trial.

We have endeavored to notice all the points made by appellant, but we are convinced that there is no ground for interfering with the action of the court below.

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 24, 1911.