OLAF LINDSTROM, Appellant, v. THE KANSAS CITY SOUTHERN RAILWAY COMPANY, Re-spondent.

Kansas City Court of Appeals.   January 26, 1920.

1. **VERDICT: Motion in Arrest of Judgment: Judgment on the Verdict.** Where the verdict returned by the jury is contradictory in that it recites a finding on the issues in favor of the plaintiff and yet states that plaintiff has suffered no actual damages, it is the duty of the trial court to set aside the verdict and order a new trial; it is erroneous to render judgment on the verdict in favor of the defendant.

2. ———: **Failure to File Motion for New Trial.** Where a verdict is fatally defective the trial court may set it aside although no motion for a new trial is filed.

Appeal from Jackson Circuit Court.—*Hon. Thos. B. Buckner,* Judge.

REVERSED AND REMANDED.

*Clay C. Rogers, Virgil Yates* and *C. W. Prince* for appellant.

*Hugh Martin* and *Cyrus Crane* for respondent.

BLAND, J. —This is an action for assault committed upon the person of plaintiff by an agent and servant of the defendant. The jury returned the following verdict—

"Feb. 6, 1919.

We, the udersigned jurors, find the issues for plaintiff and do assess his punitive damages at $500, (five hundred dollars). For actual damages none."

Upon this verdict the court rendered a judgment in favor of the plaintiff and against the defendant in the sum of $500. On the 8th day of February, 1919, and at the same term, defendant filed a motion for the judgment for defendant, claiming that the verdict was in favor of defendant; on February .10, 1919, and at the same term, defendant filed a motion in arrest of judgment; both of these motions were sustained, the motion in arrest of judgment first. The court thereupon rendered judgment on the verdict in favor of the defendant, and plaintiff has appealed.

It is well settled that when no actual damage is .suffered no punitive damages can be allowed. [Heagland v. Amusement Co., 170 Mo. 335; Mills v. Taylor, 85 Mo. App. 111; Adams v. Railroad, 149 Mo. App. 278.] It is, therefore, insisted by the defendant that as the jury found plaintiff sustained no actual damages the verdict was in effect a verdict for the defendant, and that the court properly corrected the judgment so as to comply with the verdict.

It is apparant to us that the verdict is neither for the plaintiff nor the defendant on the question of actual damages. The verdict recites that the jurors "find the issues for plaintiff." The jury were instructed that if,—
"  . . . the defendant, by and through one of its guards, watchmen and detectives, then and there unlawfully, wilfully and maliciously, and without reasonable or probable cause therefor, touched, struck, beat and kicked this plaintiff, if you so find, then and there and thereby seriously injuring plaintiff, if you so find, . . . then your verdict must be for the plaintiff."

They were also instructed that if the jury found that plaintiff received no injuries their verdict must be for the defendant. Therefore, as the jury found the issues for plaintiff they necessarily found that he suffered at least nominal actual damages, but the jury after finding such facts turned around and found that plaintiff had received no actual damage. Clearly the verdict is contradictory and no judgment could have been rendered thereon. [Hoagland v. Amusement Co., supra, 345; Mills v. Taylor, supra, 1. c. 116.] The court before receiving and recording the verdict should have sent the jury back with instruction to return a proper verdict, and upon his failing to do this, and after the jury was discharged, he should have granted a new trial. [Newton v. Railroad, 168 Mo. App. 199.]

It is claimed that as defendant did not file a motion for a new trial the court was without power to set aside the verdict. We think there is no merit in this contention. The verdict was fatally defective and the court could have set it aside and granted a new trial without any motion of any kind being filed. [Newton v. Railroad, supra.]

Plaintiff contends that the verdict and original judgment were proper for the reason that if there was any error in the verdict it was against plaintiff, and defendant cannot complain. In support of this contention he cites the case of Adams v. Railroad, supra. The verdict in that case was as follows:—"We, the jury, find the issues for the plaintiff, and do assess to him the sum of ———— dollars as actual damages and do assess to him the sum of one hundred dollars for punitive damages." The court in that case held that as the issues were found for plaintiff that he was entitled to at least nominal damages and the omission of the jury to assess such damages was an error against plaintiff. The verdict in the case at bar is not like the one in that case, for the reason that in this case the jury expressly found that plaintiff did not suffer any actual damages. This was not a mere omission to find

26—Mo. App.

such damages as occurred in the Adams case but the verdict was clearly contradictory and no judgment of any kind could have been rendered thereon. The court did right in setting aside the original judgment but erred in rendering judgment in favor of defendant.

The judgment is reversed and the cause remanded for a new trial. All concur.