[Civ. No. 4858.   Second Appellate District, Division One.—August 10, 1927.]

DAVID GUSTASON, Appellant, v. A. J. SPEAK et al., Respondents.

William U. Handy for Appellant.

Willedd Andrews for Respondents.

CONREY, P. J.—The plaintiff brought this action to recover damages for malicious prosecution of a criminal action against the plaintiff. In accordance with the verdict of a jury, judgment was entered for plaintiff in the sum of $500. Thereafter the defendant moved for a new trial. The court granted said motion and in its order specified that the motion was granted upon the ground that the evidence does not support the verdict. From said order plaintiff appeals.

The plaintiff as a physician had rendered professional services to the wife of respondent A. J. Speak, and for those services had made a charge of $200. Mr. Speak contended that the charge was excessive. After the disagreement had continued for some time Speak sent to the plaintiff a check for $125 with a notation thereon in the words "Payment in full to date." Thereafter the plaintiff pasted over the defendant's notation on the check a slip of paper on which he had written the following: "Applies on account statement rendered," and stamped thereunder with a rubber stamp his own name and address. With the check in that condition he presented the same to the bank for payment. On being informed of these facts, Mr. Speak ordered payment stopped on the check. Thereafter Speak discussed this matter with his attorney, who advised him to see the district attorney. For the purpose of showing said check to the district attorney Speak obtained possession thereof from a justice's court, where it had been filed in an action of Gustason to recover on his claim, and took it to the office of the district attorney, where he exhibited the check and made a statement of facts. According to his own testimony, Speak told the district attorney that there had been a dispute between him and the doctor, and that he had made his check·a receipt to show that it cleared him of a $200 charge "if this check came through so and so, but when it came through here is the condition it is in." Thereupon the district attorney prepared a complaint charging the defendant with forgery and told Speak to take the papers to the justice's court. Speak complied with this instruction and made affidavit to the complaint.. According to Speak's testimony, he believed that plaintiff "was guilty of some offense there."

The deputy district attorney who had the interview with Speak stated that he issued the complaint because he thought

that the document as presented to him was a forgery. His testimony corroborated that of Mr. Speak with reference to the interview and the appearance of the check, but denied that Speak had explained to him the circumstances under which the check was issued, or had stated that there had been any attempt to settle a disputed account. He said that he told Speak that "he thought it was a forgery." Prior to the commencement of this action the criminal complaint had been dismissed by the justice of the peace.

Appellant contends that the order granting a new trial should be reversed because there was sufficient evidence: (1) To justify the jury in finding that a crime had not been committed by the plaintiff; (2) To justify the jury in deciding that the defendant had not made a full, fair, and true statement of all material facts to the district attorney; (3) To justify the jury in finding that there was both malice and lack of probable cause.

The fact that there was sufficient evidence legally to justify a verdict is not necessarily sufficient to deprive the court of power to grant a new trial; otherwise, the right to grant a new trial in substantially all cases of conflicting evidence would be destroyed. "The trial court in acting upon a motion for a new trial, particularly on the ground of insufficiency of the evidence to support the verdict or findings, has a wide discretion, and its action thereon, either for or against the motion, will not be disturbed on appeal unless it clearly appears to the appellate court that the discretion was abused. This proposition has been so often decided that it is unnecessary to cite authorities in support of it." (*Estate of Wall*, 183 Cal. 431 [191 Pac. 687].)

Where a defendant in an action for malicious prosecution shows that before commencing the prosecution alleged to have been malicious he has in good faith consulted an attorney at law of good standing, has stated to him all of the facts of the case, and has been thereupon advised by such attorney that a prosecution would lie, and such person has acted honestly upon that advice, this, of itself, constitutes probable cause. (*Johnson* v. *Southern Pacific Co.*, 157 Cal. 333, 338 [107 Pac. 611].) It is evident that in granting a new trial in the case at bar the trial court was of the opinion that according to the preponderance of the evidence the jury should have found that the defendant had

made a full, fair, and true statement of all material facts to the district attorney before swearing to the complaint, and that upon the advice given to him by the district attorney in response to that statement the defendant Speak was justified in believing that there was probable cause for the prosecution. ██ The judge before whom the case was tried, having acted in accordance with his opinion in respect to this matter, his order granting a new trial should not be disturbed on this appeal unless it is clearly manifest that in the granting of the order upon the stated grounds there was an abuse of discretion. ██ We think that there was no such abuse of discretion.

The order is affirmed.

Houser, J., and York, J., concurred.