[Civ. No. 9313. Second Appellate District, Division Two.—February 1, 1935.]

PACIFIC NATIONAL COMPANY (a Corporation), Appellant, v. SOUTHWEST FINANCE COMPANY OF CALIF. (a Foreign Corporation) et al., Respondents.

Goudge, Robinson & Hughes and David A. Sondel for Appellant.

Black, Hammack & McWilliams and Alfred L. Black, Jr., for Respondents.

CRAIL, J.—This is an appeal by plaintiff (appellant) from a judgment of nonsuit entered in an action for damages for malicious attachment. ▮ In order to prevail the burden was on the plaintiff to establish (1) a lack of probable cause, and (2) malice. It is the contention of appellant that the trial court erred in its rulings on the issue of probable cause. ▮ "In actions of this character what constitutes probable cause is always a question of law for the court. As said in *Ball* v. *Rawles,* 93 Cal. 222 [28 Pac. 937, 27 Am. St. Rep. 174] : 'Malice is always a question of fact for the jury, but whether the defendant had or had not probable cause for instituting the prosecution is always a matter of law to be determined by the court. If the facts upon which the defendant acted are undisputed, the court, according as it shall be of the opinion that they constituted probable cause or not, either will order a nonsuit (or direct a verdict for the defendant), or it will submit the other issues to the jury; but, whether admitted or disputed, the question is still one of law to be determined by the court from the facts established in the case. If the facts are controverted, they must be passed upon by the jury before the court can determine the issue of probable cause; but the question of probable cause can never be left to the determination of the jury. . . . It must instruct the jury upon this subject in the concrete, and not in the abstract, and must not leave to that body the office of determining the question, but must itself determine it, and direct the jury to find its verdict in accordance with such determination. The court should group in its instructions the facts which the evidence tends to prove, and then instruct the jury that if they find such facts to be established there was or was not probable cause, as the case may be, and that their verdict must be accordingly.' " (*Holliday* v. *Holliday,* 123 Cal. 26 [55 Pac. 703, 705].) The above rule, often quoted, is difficult to understand and hard to follow by a trial judge who suddenly finds himself presiding over a tempestuous legal ·battle involving the issue of want of probable cause.

In attempting to follow the decisions of our courts on the question of want of probable cause the trial judge seems to have concluded that he would direct the conduct of the trial with regard to the introduction of evidence in such fashion that the plaintiff first would be required to prove the facts which it depended upon to establish lack of probable cause; the court contemplating that when all the plaintiff's proofs were in on that phase of the case, the trial court would consider and rule as a matter of law whether there was a lack of probable cause, and upon such determination would rest the decision as to whether the case would further proceed.

It is the contention of the appellant that "the court definitely took the position that the question of the lack of probable cause was solely a question for the trial court as a matter of law, and that the jury as triers of fact had no interest whatsoever in any phase of the question of probable cause. Proceeding on such erroneous assumption, the trial court prescribed the limitations of proofs to be made by the plaintiff, and issued its admonition that nothing should be submitted in evidence excepting only those things which plaintiff would designate to be matters pertaining *solely* to the question of probable cause". Many pages of appellant's brief are devoted to this contention and citation after citation to the reporter's transcript is given to prove the contention. We have examined them carefully and after such examination state that the court did not limit the proof to matters pertaining *solely* to the question of probable cause. The court did direct the order of proof so as to require appellant in the first instance to marshal all its evidence pertaining to the question of probable cause, and the court excluded evidence which bore solely on the question of malice, but the court did not exclude evidence which bore upon malice or any other question of fact, provided it bore also on the question of probable cause.

In the peculiar circumstances of this case we must look to three lamps for light to guide our faltering feet: (1) the appellant is presumed to have had a fair trial, and every intendment and presumption not contradicted by or inconsistent with the record must be indulged in favor of the judgment of the superior court; (2) while in other jurisdictions attachments are by law made difficult to obtain, a

bond in three times the amount of plaintiff's claim being required, and a plaintiff therein suing out such a writ at the peril of a cross-complaint for damages in the same action; in California by statute attachments are permitted in actions upon contract for the direct payment of money almost as a matter of course, only a proportionately small bond being required, ■ and actions for damages for malicious attachment are frowned upon and discouraged, the defendant in the attachment suit not being permitted to set up a claim for damages for malicious attachment in the same action; ■ (3) while malice may be inferred from proof of want of probable cause, nevertheless the want of probable cause may not be inferred from malice (*Randleman* v. *Boeres,* 93 Cal. App. 745 [270 Pac. 374]) and therefore whatever the proof of malice, if it prove malice merely it would be incompetent and irrelevant on the issue of want of probable cause.

■ While ordinarily it would be unwise for the trial court to proceed in a malicious attachment suit as it did in this case, nevertheless, we have come to the conclusion after an examination of the record that under the circumstances as they developed at the trial, the court's rulings resulted in no prejudicial error. ''The burden of proving affirmatively the negative fact of want of probable cause is on the plaintiff.'' (16 Cal. Jur. 748; *Franzen* v. *Shenk,* 192 Cal. 572 [221 Pac. 932]; *Burke* v. *Watts,* 188 Cal. 118 [204 Pac. 578]; *Lee* v. *Levison,* 173 Cal. 166 [159 Pac. 438].)

■ ''Where there is no evidence of want of probable cause, or where, upon the undisputed facts and the view of the disputed facts most favorable to the plaintiff, the court can say as a matter of law that there was probable cause, the court should not submit any question to the jury, but should grant a nonsuit or direct a verdict for the defendant.'' (16 Cal. Jur. 753.) A nonsuit is proper also when viewing the evidence of the plaintiff in its most favorable aspect for him the court is of the opinion that the evidence will not support a verdict in his favor. (*Estate of Bemmerly,* 110 Cal. App. 550 [294 Pac. 33]; 9 Cal. Jur. 557.) In this connection it also should be said the appellant prepared in writing and entered into what it called a ''fair stipulation'' which in effect was an admission on the appellant's part that it had no further evidence on the issue of

lack of probable cause, and that the court might then and there pass on the issue of probable cause. The evidence on the issue of probable cause being all before the court it was the opinion of the court that the evidence was legally insufficient to warrant a verdict for the plaintiff on the issue of probable cause. With this view of the evidence we agree. This being so, the trial court did not err in granting a nonsuit, and hence it turned out that there was no occasion for the court to submit to the jury the question of what the facts were.

Judgment affirmed.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.