[Civ. No. 9551. First Appellate District, Division Two.—August 12, 1935.]

LIONEL H. HAYDEL, Plaintiff and Appellant, v. ANDREW WADE MORTON, Defendant and Appellant.

Thomas C. Ryan and F. H. Dam for Plaintiff and Appellant.

Sullivan, Roche, Johnson & Barry for Defendant and Appellant.

SPENCE, J.—When the above-entitled cause was submitted to the jury it involved three counts. The first count was based upon alleged malicious prosecution. The second and third counts were based upon alleged slander. The jury returned three verdicts in favor of the plaintiff. The verdict upon the first count was for compensatory damages of $14,000 and exemplary damages of $25,000, making a total of $39,000. The verdict on the second count was for the sum of $10,000 and the verdict on the third count was also for the sum of $10,000. The exact wording of the verdicts on the second and third counts will be hereinafter discussed. Defendant made a motion for a new trial which was granted as to the second and third counts. As to the first count, the trial court made a conditional order denying the motion in

the event that plaintiff accepted a reduction of the verdict to the sum of $14,500, otherwise granting the same "on the ground that excessive damages have been given under the influence of passion and prejudice". Plaintiff filed his consent to said reduction. Defendant has appealed from the judgment while plaintiff has appealed from the portion of the order granting a new trial as to the second and third counts and also from the order taxing costs. Said appeals will be considered separately.

### Defendant's Appeal.

This appeal involves the judgment based upon the first count for alleged malicious prosecution. It arose out of the prosecution of plaintiff for the alleged misappropriation of funds of the Morton Hospital, his employer. Plaintiff was held to answer by the committing magistrate, but was thereafter acquitted upon the trial of the cause. He then commenced this action. The facts set forth in the voluminous briefs are quite involved, but as the issue of probable cause appears to be determinative of this appeal, we believe that the statement of facts herein may be shortened by first setting forth certain general principles governing actions for malicious prosecution.

It may be stated preliminarily that actions for malicious prosecution are not favored in the law. (*Dunlap* v. *New Zealand F. &. M. Ins. Co.,* 109 Cal. 365 [42 Pac. 29] ; *Lacey* v. *Porter,* 103 Cal. 597 [37 Pac. 635] ; *Ball* v. *Rawles,* 93 Cal. 222 [28 Pac. 937, 27 Am. St. Rep. 174] ; *Carpenter* v. *Ashley,* 15 Cal. App. 461 [115 Pac. 268] ; 16 Cal. Jur., p. 737, sec. 9.) The reasons therefor are based on considerations of public policy and are set forth in the authorities cited. In order to sustain such an action it is well settled that the burden is upon the plaintiff to establish two indispensable elements, first, that the defendant acted without probable cause and second, that defendant was actuated by malice. (*Griswold* v. *Griswold,* 143 Cal. 617 [77 Pac. 672] ; *Moore* v. *Durrer,* 127 Cal. App. 759 [16 Pac. (2d) 676] ; *Davis* v. *Pacific Tel. & Tel. Co.,* 127 Cal. 312 [57 Pac. 764, 59 Pac. 698] ; *Carpenter* v. *Ashley, supra.*) Probable cause has been defined as, "a suspicion founded upon circumstances sufficiently strong to warrant a reasonable man in the belief that the charge is true". (*Johnson* v. *Southern Pac. Co.,*

157 Cal. 333, 337 [107 Pac. 611]; *Lee* v. *Levison,* 173 Cal. 166, 169 [159 Pac. 438]; *Davis* v. *Pacific Tel. & Tel. Co., supra,* 319; *Carpenter* v. *Ashley, supra,* 464; *Moore* v. *Durrer, supra,* 765; *Selvester* v. *Kennedy,* 137 Cal. App. 250, 258 [30 Pac. (2d) 63].) It is also clear that existence of probable cause is not negatived merely by showing that no crime was committed or that the accused is innocent. (*Selvester* v. *Kennedy, supra; Dunlap* v. *New Zealand F. & M. Ins. Co., supra; Carpenter* v. *Ashley, supra; McKenna* v. *Heinlen,* 128 Cal. 97 [60 Pac. 668]; 18 R. C. L., p. 36.) ■ And although an action for malicious prosecution may not be maintained unless it is shown that the proceedings alleged to have been prosecuted maliciously and without probable cause have been terminated in favor of the party claiming to be injured thereby (16 Cal. Jur., p. 734), a mere showing of such favorable termination is of course wholly insufficient under the authorities above cited. In fact, evidence of such favorable termination does not even create a conflict on the issue of probable cause. (*Moore* v. *Durrer, supra; McKenna* v. *Heinlen, supra.*)

■ The question of what facts or circumstances amount to probable cause has been held to be a pure question of law for the court. (*Booraem* v. *Potter Hotel Co.,* 154 Cal. 99 [97 Pac. 65]; *Holliday* v. *Holliday,* 123 Cal. 26 [55 Pac. 703]; *Ball* v. *Rawles, supra; Moore* v. *Durrer, supra.*) The jury may be called upon to determine whether such facts or circumstances exist when there is a substantial conflict in the evidence bearing upon this issue, but in the absence of any substantial conflict in such evidence it is the province of the court to determine whether such facts and circumstances do or do not establish a want of probable cause. (*Moore* v. *Durrer, supra.*) The trial courts and appellate courts have frequently been called upon to pass upon the question. (*Lee* v. *Levison, supra; Johnson* v. *Southern Pac. Co., supra; Booraem* v. *Potter Hotel Co., supra; Davis* v. *Pacific Tel. & Tel. Co., supra; Ball* v. *Rawles, supra; Fackrell* v. *McDonald,* 87 Cal. App. 418 [262 Pac. 431]; *Gustason* v. *Speak,* 85 Cal. App. 18 [258 Pac. 725].)

■ In the present case we find no substantial conflict in the evidence relating to the issue of probable cause. Plaintiff was the trusted manager and bookkeeper of the Morton

Hospital, a corporation, in which defendant owned all of the stock other than a few qualifying shares. Plaintiff had been so employed for a long period of time. He was instructed to issue receipts for all money received for the corporation and to deposit said money, less any petty cash expenditures made therefrom, in the bank account of the corporation every second day. Defendant was the only person authorized to sign checks upon said bank account. Defendant was absent from the state of California during a portion of the month of June, 1929, and again during a portion of the month of October, 1929. During defendant's absence in the month of June, plaintiff received three checks from Dr. Fernandez representing money due to the corporation. At plaintiff's request, these checks were made payable to plaintiff rather than to the corporation upon plaintiff's statement that the money was needed for petty cash expenditures. There was one check dated June 3d for $300, one dated June 12th for $500 and one dated June 17th for $250. Again in October plaintiff similarly obtained another check from Dr. Fernandez dated October 4th in the sum of $500. No receipt was issued by plaintiff for any of said checks and there was nothing on the records of the corporation to show that the corporation or plaintiff ever received any of said checks from Dr. Fernandez. The proceeds of said checks were not deposited in the bank account of the corporation but in the personal account of plaintiff.

In April of the following year an accountant was engaged by defendant to make the periodic audit of the books of the corporation. While engaged in this work the accountant reported to defendant that during defendant's absence in the previous year plaintiff had collected four checks from Dr. Fernandez and had deposited all or a portion of the proceeds of each of said checks in his personal bank account. He also reported that the records failed to show the receipt of any of said checks or the payment of any of the proceeds thereof to the account of the hospital. The accountant had sought an explanation from plaintiff, but while plaintiff claimed that the money was expended by him on behalf of the corporation, he admitted that the only record made by him was contained in personal memoranda and in his personal checks, all of which had been destroyed by him.

Defendant did not immediately cause the arrest of plaintiff, but waited a few days to obtain the results of further investigation by himself, by a representative of the bonding company and by his own attorney. The representative of the bonding company was called to investigate and, after lengthy conferences with the accountant and with plaintiff, he reported to defendant that he could obtain no satisfactory explanation regarding these checks. He told defendant that he would mail proof of loss blanks and advised defendant to file his claim with the bonding company immediately. Defendant's attorney, Mr. Edward I. Barry, was also called to the hospital to make an investigation. He also had conferences with both the accountant and plaintiff. Thereafter he advised defendant that in his opinion "Mr. Haydel had misappropriated his moneys". Thereupon defendant caused the arrest of plaintiff. As above stated, plaintiff was held to answer by the committing magistrate but was finally acquitted upon the trial.

From the foregoing summary of the undisputed evidence, we are convinced that defendant's contention that there was probable cause for the prosecution of plaintiff must be sustained. The admittedly irregular and unauthorized actions of plaintiff in handling the checks from Dr. Fernandez were in themselves sufficient to constitute probable cause as above defined. But furthermore, the obtaining by defendant of the advice of counsel conclusively established probable cause under the circumstances disclosed by the record. (*Sandell* v. *Sherman,* 107 Cal. 391 [40 Pac. 493]; *Holliday* v. *Holliday, supra; Dunlap* v. *New Zealand F. & M. Ins. Co., supra; Jones* v. *Jones,* 71 Cal. 89 [11 Pac. 817]; 16 Cal. Jur., p. 741, sec. 11.) As we are of the opinion that the undisputed evidence established probable cause for the prosecution of plaintiff without considering the fact that defendant took the precaution of having counsel investigate and advise him, we need not discuss plaintiff's contention that "the affirmative defense of advice of counsel failed". We may state, however, that we find no merit in said contention.

Defendant urges other grounds for a reversal of the judgment but, in view of the conclusions that we have reached on the issue of probable cause, it appears unnecessary to consider the other points raised. It follows that the judgment should be reversed.

### Plaintiff's Appeals.

Plaintiff first appeals from the portion of the order of the trial court granting a new trial as to the two counts for alleged slander. The order was made in general terms and it is therefore presumed that it was not made upon the grounds of the insufficiency of the evidence. (Code Civ. Proc., sec. 657.) Plaintiff assumes that the trial court based its ruling upon the alleged invalidity of the verdicts, and as we believe that the trial court's order was justified upon that ground, we shall confine our discussion thereto.

On the second count the jury brought in a verdict reading as follows: ''Regarding the second count in the complaint, alleged slander on May 19th, 1930, we the jury find a verdict for the plaintiff and against the defendant on said count and assess the compensatory damages in the sum of $00; we assess the exemplary damages at $10,000; making a total verdict for the plaintiff in the sum of $10,000.'' The verdict on the third count was in all respects similar except for the change in date from May 19th to June 5th.

While both counsel for plaintiff and counsel for defendant have made an exhaustive review of the authorities on the general subject, no case involving a verdict precisely similar to the verdicts before us has been called to our attention. Numerous authorities have been cited in which verdicts for compensatory or actual damages have read ''nothing'' or ''none''. In such cases it has been uniformly held that the award of punitive or exemplary damages could not be upheld. (*Gilham* v. *Devereaux*, 67 Mont. 75 [214 Pac. 606, 33 A. L. R. 381]; *Lindstrom* v. *Kansas City So. Ry. Co.*, 202 Mo. App. 399 [218 S. W. 936]; *Carnes* v. *Thompson*, (Mo. Sup.) 48 S. W. (2d) 903; *Shore* v. *Shore*, 111 Kan. 101 [205 Pac. 1027]; *Anderson* v. *Alcus*, (Tex. Civ. App.) 42 S. W. (2d) 294.) But plaintiff cites and relies upon *Clark* v. *McClurg*, 215 Cal. 279 [9 Pac. (2d) 505, 81 A. L. R. 908], in which case the jury made no finding whatever regarding the compensatory or actual damages. There the Supreme Court took the view that under the circumstances the irregularity might be treated as one of form rather than substance and that the judgment might be affirmed under section 4½ of article VI of the Constitution. It should be noted, however, that on page 285 of the opinion it was said ''The cited case and the case at bar, in each of which the jury either inadvertently or by some

mischance omitted to assess the compensatory damages, are clearly distinguishable from the cases of *Hoagland* v. *Forest Park Highlands Amusement Co.*, 170 Mo. 335 [94 Am. St. Rep. 740, 70 S. W. 878], and *Gilham* v. *Devereaux*, 67 Mont. 75 [33 A. L. R. 381, 214 Pac. 606]), for in the latter cases the jury, by its verdict, expressly found and determined that the respective plaintiffs had *not* suffered any actual damages.''

In the present case we are of the opinion that the verdicts on the second and third counts cannot be supported under the authority of *Clark* v. *McClurg, supra.* When the jury returned verdicts assessing ''compensatory damages in the sum of $00'' it did not ''inadvertently or by some mischance omit to assess the compensatory damages'', but it ''expressly found and determined'' that plaintiff ''had *not* suffered any actual damages''. If this be true, and we believe it impossible to place any other construction upon said verdicts, then under the rule of the above-mentioned authorities as recognized in *Clark* v. *McClurg, supra,* the trial court properly granted a new trial upon the second and third counts and its order should be affirmed.

Plaintiff also appeals from the order taxing costs, but in view of the conclusions we have reached with respect to the appeal from the judgment and the appeal from the order granting a new trial, the appeal from the order taxing costs should be dismissed.

The judgment in favor of plaintiff and against defendant is reversed; the portion of the order granting a new trial as to the second and third counts is affirmed; the appeal from the order taxing costs is dismissed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by plaintiff and appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 10, 1935.

Seawell, J., voted for a hearing.