[Civ. No. 10041. First Appellate District, Division One.—March 24, 1937.]

LIONEL H. HAYDEL, Respondent, v. ANDREW WADE MORTON, Appellant.

Sullivan, Roche & Johnson for Appellant.

F. H. Dam and Thomas C. Ryan for Respondent.

THE COURT.—Appeal from a judgment in an action for malicious prosecution.

Defendant Morton was the owner of Morton hospital in San Francisco, and plaintiff was his accountant and office manager but lacked authority to draw checks on defendant's bank account. Defendant was absent from San Francisco during the months of June and October, 1929. In June, plaintiff received from one Fernandes three checks on account of the latter's indebtedness to the hospital, and in October another on the same account. The dates and amounts were June 3, 1929, $300; June 12, 1929, $500; June 17, 1929, $250, and October 4, 1929, $500. Each was made payable to the plaintiff and was deposited by him in his personal bank account. The plaintiff, according to his own testimony, was a skilled accountant, experienced in business and familiar with business methods. He also testified that he had no authority to deposit hospital moneys in his own account, and that he was instructed to keep a complete record of all transactions of the hospital.

In the latter connection it appears without dispute that the hospital records consisted of a duplicate receipt book and a duplicate bank deposit book, also a daily cash receipt book, permitting a permanent record to be kept of all cash received. While this system was not of the most approved kind the testimony shows without question that it was sufficient to enable an accountant to keep a complete record of all ordinary transactions. Plaintiff failed to notify the defendant that he had procured the checks or had deposited the same in the manner stated, although the duplicate receipt book showed

the issuance of receipts to Fernandes for the three June checks. Upon the defendant's return in June the plaintiff procured a check for $250.50, representing that he was entitled to reimbursement to that extent for moneys he had expended on account of the hospital. In April, 1930, an auditor, employed to audit the books of the hospital, discovered the fact that the plaintiff had received the checks and informed the defendant. The plaintiff then claimed that he had expended these amounts for hospital expenses, or had placed part of the proceeds in the cash drawer at the hospital, but no record was made of such deposits. He admitted that he had destroyed all his canceled checks and memoranda showing the particular dispositions which he claimed to have made of the money. His personal account with the bank, however, showed the deposits and certain withdrawals at different times. Defendant notified the company which had issued a bond guaranteeing plaintiff's fidelity, and also his own attorney. A representative of the company after interviewing the plaintiff reported to the defendant that he had failed to receive an explanation except as above stated, and advised that a claim be filed against the company. The attorney likewise interviewed the plaintiff, and upon receiving the same explanation stated to the defendant that in his opinion a crime had been committed. Following this the defendant delivered the canceled checks to the district attorney, who filed a complaint, which was sworn to by the defendant, based upon the check of October 4th. Plaintiff was arrested and held to answer to the superior court, and upon his trial was acquitted. Following the acquittal the district attorney advised the defendant that the verdict was improper and that complaints based upon the other checks should be filed. These were prepared by the district attorney, sworn to by the defendant and filed. The complaints were afterwards, without the knowledge or consent of the district attorney or defendant, dismissed by a judge of the municipal court. Upon the advice of the district attorney new complaints were filed, which are still pending.

After his acquittal and the filing of the complaints last mentioned, plaintiff brought an action against defendant, seeking damages alleged to have been suffered by reason of the first charge. This action resulted in a judgment in his favor but a new trial was granted upon certain counts

of the complaint. Defendant appealed on the remaining portion of the judgment and the same was reversed. (*Haydel* v. *Morton*, 8 Cal. App. (2d) 730 [48 Pac. (2d) 709].) Upon the dismissal of the complaints mentioned plaintiff brought the present action.

The trial resulted in a judgment in his favor. Upon a motion for a new trial the amount of the judgment was reduced. The defendant, who has appealed, claims that the evidence was insufficient to justify the verdict against him, that plaintiff's counsel was guilty of misconduct and that the jury was actuated by passion and prejudice.

As the rule has been repeatedly stated, in an action of this character the plaintiff must establish that defendant acted without probable cause and was actuated by malice. (*Haydel* v. *Morton, supra*.) The first element has been defined as a suspicion founded upon circumstances sufficiently strong to warrant a reasonable man in the belief that the charges are true (*Johnson* v. *Southern Pac. Co.*, 157 Cal. 333, 337 [107 Pac. 611]; *Lee* v. *Levison*, 173 Cal. 166, 169 [159 Pac. 438]); and the existence of such cause is not negatived by the mere fact that no crime was committed or that the accused is innocent (*Carpenter* v. *Ashley*, 15 Cal. App. 461 [115 Pac. 268]); nor is the favorable termination of a proceeding against the accused sufficient to create a conflict on this issue. (*Moore* v. *Durrer*, 127 Cal. 759 [16 Pac. (2d) 676]; *Griswold* v. *Griswold*, 143 Cal. 617 [77 Pac. 672].) Moreover, the question of what facts amount to probable cause has been held to be a question of law (*Booraem* v. *Potter Hotel Co.*, 154 Cal. 99 [97 Pac. 65]), and in the absence of substantial conflict in the evidence the court must determine whether probable cause has been established. (*Moore* v. *Durrer, supra*.)

The evidence at the last trial was not materially different from that taken at the first. The facts generally have been set out at length in the opinion in that case, and nothing would be gained by adding to what has already been stated. As the court said: "The admittedly irregular and unauthorized actions of the plaintiff in handling the checks from Dr. Fernandes were in themselves sufficient to constitute probable cause as above defined; but furthermore, the obtaining by defendant of the advice of counsel conclusively established probable cause under the circumstances disclosed

by the record (citing cases). As we are of the opinion that the admitted evidence established probable cause for the prosecution of the plaintiff without considering the fact that the defendant took the precaution to have counsel investigate and advise him, we need not discuss plaintiff's contention that the affirmative defense of advice of counsel failed. We may state, however, that we find no merit in said contention." We also are satisfied that the evidence clearly shows probable cause and reasonably supports no other conclusion.

The judgment is accordingly reversed.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 20, 1937.