**DOUGHERTY v. SZIVOS.**
No. 14625.

United States Court of Appeals
Fifth Circuit.
Feb. 9, 1954.

---

John O. Collins, Ancon, Canal Zone, for appellant.

George R. Blue, U. S. Atty., New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This is an action for malicious prosecution, in which the court below granted appellee's motion for an involuntary nonsuit, and rendered judgment in his favor on the ground that the evidence was insufficient to warrant submission of the case to the jury. The question before us is whether there was any issue of fact to be submitted to the jury on the question of probable cause.

The evidence disclosed that on the night of October 13, 1952, the appellant and her husband, the former an employee of the United States in the Canal Zone, left the non-commissioned officers' club at Albrook Field, Canal Zone, where they had been drinking intoxicating liquor. While her husband was directly in front of their parked car, Mrs. Dougherty depressed the clutch pedal of the automobile, causing it to move forward and to hit her husband, thereby pinning him to the railing in the parking lot. He was released by two airmen, who shoved the car back and took Mr. and Mrs. Dougherty to the post dispensary. At the dispensary, the appellant acted in an unruly manner, and was asked to be quiet. Her husband was treated for minor scratches and released. On the same night, an investigation of the accident was made by the air-police of Albrook Field, wherein appellant made a statement to the appellee, a member of said police, that she had run over her husband with their automobile. On the following day, acting with the advice and consent of his superiors, the appellee filed a sworn complaint charging the appellant with operating a motor vehicle while intoxicated in violation of Title 5, Section 512, of the Canal Zone Code. Subsequently, acting under military orders, the appellee dismissed said complaint; and, soon thereafter, the appellant brought this suit against him for malicious prosecution.

The appellant testified at the trial that she did not remember telling the appellee that she had run over her husband. It is well recognized that, in an action for malicious prosecution, the question of what circumstances amount to probable cause is a question of law for the trial court. The jury may be called upon to determine whether such circumstances existed, where there is a substantial conflict in the evidence bearing upon the issue; but, in the ab-

sence of a substantial conflict in the evidence, it is the court's province to determine whether such circumstances establish a want of probable cause. In order to sustain an action for malicious prosecution, the plaintiff has the burden of establishing that the defendant acted without probable cause and was actuated by malice; but sometimes the want of probable cause may be such as to justify an inference of malice.

We find no substantial conflict in the evidence relating to the issue of probable cause. It is undisputed that both appellant and her husband had been drinking on the evening of the incident. In the course of the occurrence, appellant was unruly, and was charged with and found guilty of disturbing the peace apart from the complaint charging operation of a motor vehicle while intoxicated. Admittedly, appellant was on the front seat of the car when the accident happened in which her husband received an injury. A thorough investigation was conducted by the appellee, who interviewed all persons having knowledge of the accident, including the appellant, who told him that she had run over her husband. Appellee also discussed the facts with his superiors, who concurred in his action of filing a complaint against the appellant. The circumstances, as a matter of law, constituted probable cause for the filing of said complaint.

From the undisputed evidence, we are convinced that there was probable cause for the prosecution of the appellant and that the court below properly directed a verdict for the appellee. The judgment appealed from is affirmed. National Surety Co. v. Page, 4 Cir., 58 F.2d 145; Vancouver Book & Stationery Co., Inc. v. L. C. Smith & Corona Typewriters, Inc., 9 Cir., 138 F.2d 635; Hayden v. Morton, 8 Cal.App.2d 730, 48 P.2d 709; Richter v. Neilson, 11 Cal.App.2d 503, 54 P.2d 54; Sebastian v. Crowley, 38 Cal.App.2d 194, 101 P.2d 120.

Affirmed.