Jose RODRIGUEZ, Plaintiff,

v.

Timothy RUTTER and Jose
Kluge, Defendants.

No. EP–07–CA–0115–KC.

United States District Court,
W.D. Texas,
El Paso Division.

July 19, 2007.

Briana Michelle Stone, Paso Del Norte Civil Rights Project, Edward Hernandez, Hernandez & Hernandez, El Paso, TX, James C. Harrington, Wayne Krause, Texas Civil Rights Project, Austin, TX, for Plaintiff.

Ralph Elwood Girvin, Jr., El Paso, TX, for Defendants.

## ORDER

CARDONE, District Judge.

On this day, the Court considered "Defendants Timothy Rutter and Jose Kluge's Motion to Dismiss and Brief in Support" ("Motion to Dismiss"). For the reasons set forth herein, Defendants' Motion is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

The instant case involves a suit by Plaintiff Jose Rodriguez ("Plaintiff"), against Defendants Timothy Rutter and Jose Kluge (collectively "Defendants"), for violation of Plaintiff's First Amendment rights against retaliation under the United States Constitution ("U.S.Constitution"), violation of his free speech rights under the Texas Constitution, and for malicious prosecution in violation of both federal and state law.

The following background is derived from Plaintiff's Complaint. On October 27, 2006, Plaintiff arrived at his place of business, Pepe's General Store, in San Elizario, Texas and noticed a nearby roadblock. Pl.'s Compl. 2. Later that morning, a customer arrived at Plaintiff's store followed by a Sheriff's Deputy. *Id.* at 2–3. The Deputy asked the customer to leave the store with him, and later cited the customer for driving without insurance. *Id.* Plaintiff, in an alleged effort to express his political opinion and inform customers of the roadblock, posted a sign which read "Cuidado Precaución. Retén del Sheriff," meaning "Be careful/Precaution. Sheriff's Checkpoint." *Id.* at 3. Plaintiff posted the sign on his property, using a construction sign as the base. Pl.'s Resp. to Mot. to Dismiss 4. Plaintiff claims the construction sign was abandoned on his property for two years. *Id.* Plaintiff had also posted a sign criticizing the Minutemen on an electric pole located on his property. Pl.'s Compl. 4.

Soon after Plaintiff posted the sign warning of the Sheriff's roadblock, Defendant Timothy Rutter ("Rutter") arrived at Plaintiff's store and inquired if the sign belonged to Plaintiff. *Id.* at 4. Plaintiff responded that the sign belonged to him. *Id.* Rutter then asked Plaintiff to remove the sign. *Id.* While Plaintiff and Rutter talked, other officers, including Jose Kluge

("Kluge") arrived at the store. *Id.* Plaintiff alleges that Rutter threatened to "post an official roadblock in front of his store every day until he went out of business" unless Plaintiff removed the sign. *Id.*

Kluge noticed the Minutemen sign and asked Plaintiff to remove it. *Id.* at 5. Kluge allegedly told Plaintiff that if Plaintiff did not remove the sign, the electric company would remove the pole and leave the store without any electricity. *Id.* Kluge also allegedly placed a phone call to the electric company. *Id.*

Following this incident, Defendants issued Plaintiff a citation for "Display unauthorized sign signal marking." *Id.* at 6. Defendants issued the citation under section 544.006(a)(3) of the Texas Transportation Code. Mot. to Dismiss 3. After Defendants left Plaintiff's store, Plaintiff removed both of the signs. *Id.* at 6. The District Attorney later dismissed the charges against Plaintiff. Pl.'s Resp. to Mot. to Dismiss 5–6.

On April 4, 2007, Plaintiff filed the instant complaint. On May 16, 2007, Defendants filed their Motion to Dismiss currently under consideration. Though there are two signs at issue, the roadblock sign and the electric pole sign, Defendants only address the roadblock sign in their Motion to Dismiss. As the electric pole is not addressed by Defendant, the Court will only consider issues related to the roadblock sign in this order.

## II. DISCUSSION

### A. Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. FED.R.CIV.P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true, and view them in a light most favorable to the plaintiff. *Id.; Calhoun v. Hargrove,* 312 F.3d 730, 733 (5th Cir.2002). A court will dismiss a complaint pursuant to Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *S. Christian Leadership Conference v. Supreme Court of La.,* 252 F.3d 781, 786 (5th Cir.2001).

### B. Federal Claims

Defendants argue that the Court should dismiss Plaintiff's claim alleging violation of his First Amendment right under the U.S. Constitution to be free from retaliation. Mot. to Dismiss 4. Specifically, Defendants argue that they did not violate Plaintiff's First Amendment right when they issued him a citation. *Id.* at 5. Defendants assert that they did not threaten Plaintiff, and that even if they did, they did not violate his federal First Amendment right in doing so. *Id.* Defendants also argue that this Court should dismiss Plaintiff's claim alleging violation of his Fourteenth Amendment right under the U.S. Constitution to be free from malicious prosecution. *Id.* at 6. Finally, Defendants argue that they are entitled to qualified immunity against each of Plaintiff's federal claims. *Id.* at 7.

Plaintiff responds by arguing that Defendants violated his First and Fourteenth Amendment rights under the U.S. Constitution to be free from retaliation and malicious prosecution. Pl.'s Resp. to Mot. to Dismiss 3–6. Plaintiff alleges that Defendants issued a citation and made threats in retaliation for Plaintiff exercising his right to free speech under the First Amendment to the U.S. Constitution. *Id.* at 3–4. Plaintiff further alleges that Defendants denied him due process when they issued a citation without probable cause. *Id.* at 4. Plaintiff seeks monetary damages under

42 U.S.C. § 1983, as well as declaratory and injunctive relief. Pl.'s Compl. 9–10.

Title 42 U.S.C. § 1983 (" § 1983") provides:

[E]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

▪ Section 1983 does not create new rights, but provides a remedy for the rights it designates. *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1574 (5th Cir.1989). In order for liability to exist under § 1983, there must be a constitutional or statutory violation. *Id.* To establish a § 1983 claim of retaliation, Plaintiff must prove that: (1) Defendants acted under color of state law; (2) Plaintiff engaged in speech protected by the First Amendment; and (3) Plaintiffs' exercise of their protected right was a substantial or motivating factor in Defendants' action. *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir.1997). The constitutional violations at issue in this case involve violations of the First and Fourteenth Amendments. Before reaching the substance of these issues, however, the Court must begin an analysis of qualified immunity.

▪ The Defendants argue that they are entitled to qualified immunity for Plaintiff's federal claims. The doctrine of qualified immunity serves to shield government officials from liability based on the performance of discretionary functions. *Beltran v. El Paso*, 367 F.3d 299, 302–03

(5th Cir.2004); *Thompson v. Upshur County*, 245 F.3d 447, 456 (5th Cir.2001). To establish an entitlement to qualified immunity, a government official must first show that the conduct occurred while he was acting in his official capacity and within the scope of his discretionary authority. *Cronen v. Tex. Dep't of Human Servs.*, 977 F.2d 934, 939 (5th Cir.1992). Once a defendant has properly invoked qualified immunity, the burden rests on the plaintiff to show that the defense does not apply. *Beltran*, 367 F.3d at 303; *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir.2002) (en banc).

▪ In order to show that the defense does not apply, there is a two step inquiry. *Sanchez v. Swyden*, 139 F.3d 464, 466 (5th Cir.1998). First, plaintiff must show that the allegations, if true, establish a constitutional violation. *Hope v. Pelzer*, 536 U.S. 730, 736, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *McClendon*, 305 F.3d at 322–23. If plaintiff succeeds, he must then show that the official's conduct was objectively unreasonable in light of the clearly established legal rules at the time of the alleged violation. *McClendon*, 305 F.3d at 322–23.

There appears to be no dispute as to whether the Defendants were acting in their official capacity, whether their actions were within the scope of their discretionary authority, or whether Defendants have invoked the defense. As such, Plaintiff must come forward with evidence that the defense does not apply. Plaintiff's arguments regarding the two-prong test will be discussed in conjunction with each of his claims below.

### 1. Federal First Amendment right against retaliation

Defendants argue that they did not deny Plaintiff his constitutional rights when

they cited him for posting the sign, as Defendants were merely enforcing a content neutral law of the state of Texas. Mot. to Dismiss 4. Defendants argue that they had probable cause for issuing the citation. *Id.* at 7.

Plaintiff responds by arguing that Defendants issued a citation in retaliation for Plaintiff's exercise of his rights to free expression under the First Amendment to the U.S. Constitution. Pl.'s Resp. to Mot. to Dismiss 4. Specifically, Plaintiff alleges that Defendants issued the citation after Plaintiff exercised his rights by posting a sign protesting the roadblock. *Id.* at 5. Plaintiff further argues that Defendants lacked probable cause when they issued the citation, as Plaintiff used a sign that was abandoned. *Id.* at 4. Plaintiff has brought his claim pursuant to 42 U.S.C. § 1983. Pl.'s Compl. 1.

■ The First Amendment prohibits government officials from subjecting an individual to retaliatory actions for exercising his rights to free expression. *Hartman v. Moore*, 547 U.S. 250, 126 S.Ct. 1695, 1701, 164 L.Ed.2d 441 (2006). Official reprisal for protected speech threatens to inhibit exercise of a protected right. *Id.*

■ Activities and speech protected by the First Amendment are, however, subject to reasonable time, place, and manner restrictions. *Heffron, v. Int'l Soc'y for Krishna Consciousness, Inc.*, 452 U.S. 640, 647, 101 S.Ct. 2559, 69 L.Ed.2d 298 (1981). Regulations used to ensure the safety and convenience of the people are safeguarding the civil liberties of the people. *Cox v. New Hampshire*, 312 U.S. 569, 574, 61 S.Ct. 762, 85 L.Ed. 1049 (1941). For example, a municipality has the right to impose regulations that regulate the use of public highways. *Id.* When a restriction on the streets is designed to promote the public interest, it cannot be disregarded by the attempted exercise of another right.

*Id.* When a regulation results in an indirect abridgment of speech, the court must determine which of the two interests demands greater protection. *Am. Commc'ns Ass'n, C.I.O., v. Douds*, 339 U.S. 382, 399, 70 S.Ct. 674, 94 L.Ed. 925 (1950).

■ A regulation is permissible as a content-neutral time, place, and manner restriction if it meets the four part test outlined in *United States v. O'Brien*, 391 U.S. 367, 376–77, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). *BGHA, LLC v. Universal City*, 340 F.3d 295, 297–98 (5th Cir.2003); *Hang on, Inc. v. Arlington*, 65 F.3d 1248, 1254 (5th Cir.1995). This four part test states:

[A] government regulation is sufficiently justified [1] if it is within the constitutional power of the government; [2] if it furthers an important or substantial government interest; [3] if the governmental interest is unrelated to the suppression of free expression; and [4] if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.

*O'Brien*, 391 U.S. at 376–77, 88 S.Ct. 1673; *Canady v. Bossier Parish Sch. Bd.*, 240 F.3d 437, 443 (5th Cir.2001); *J & B Entm't, Inc. v. City of Jackson*, 152 F.3d 362, 370 (5th Cir.1998).

■ In addition to meeting the test outlined in *O'Brien*, the Fifth Circuit requires that a content-neutral time, place, and manner regulation must not unreasonably limit alternative avenues of communication. *H & A Land Corp. v. Kennedale*, 480 F.3d 336, 338 (5th Cir.2007); *Encore Videos, Inc. v. San Antonio*, 330 F.3d 288, 291–92 (5th Cir.2003).

Implicated in the instance case are at least three statutory sections that regulate safety and the use of public highways. First, section 544.006(a)(3) of the Trans-

portation Code provides that "A person may not place, maintain, or display on or in view of a highway an unauthorized sign, signal, marking, or device that hides from view or hinders the effectiveness of an official traffic-control device or railroad sign or signal." TEX. TRANSP. CODE ANN. § 544.006(a)(3) (Vernon 2007) (" § 544.006(a)(3)"). Second, section 544.005 provides that a person may not alter, or attempt to alter, or remove an official traffic-control device. TEX. TRANSP. CODE ANN. § 544.005 (Vernon 2007) (" § 544.005"). Finally, section 544.006(a)(1) provides that "A person may not place, maintain, or display on or in view of a highway an unauthorized sign, signal, marking, or device that imitates or resembles an official traffic control device or railroad sign or signal." TEX. TRANSP. CODE ANN. § 544.006(a)(1) (Vernon 2007) (" § 544.006(a)(1)"). At one point in the Transportation Code, a highway is defined as a tolled or nontolled public road. TEX. TRANSP. CODE ANN. § 221.001 (Vernon 2007).

 In the instant case, the speech at issue is Plaintiff's sign, posted on a traffic control device, which resulted in two consequences: a citation and an alleged threat by Defendants. Defendants issued a citation to Plaintiff under § 544.006(a)(3). Plaintiff does not contest that he placed on or in view of a highway a sign that hides from view a traffic control device. Plaintiff does, however, contest whether this device is considered an "official" traffic control device, which would put him in violation of § 544.006(a)(3).

Plaintiff argues that the sign was abandoned, and as such, did not constitute an official traffic control device. However, Plaintiff fails to cite any authority to support his proposition that the sign was abandoned, or to establish that an abandoned sign does not constitute an official

control device. Because Plaintiff has not established that the construction sign was not an official traffic control device, and because the Defendants had no reason to suspect the sign was abandoned, if indeed it was, the Court finds that the construction sign remained an official traffic control device. As such, Plaintiff utilized an official traffic control device as the base of his sign in violation of § 544.006(a)(3).

Additionally, this Court finds that Plaintiff could have been cited under § 544.005 and/or § 544.006(a)(1). He could have been cited under § 544.005 because he altered a construction sign to make his own sign. Alternatively, he could have been cited under § 544.006(a)(1) because even if the Court were to assume the sign was abandoned, and no longer an official traffic control device, the base of Plaintiff's sign was a construction sign, which necessarily resembles an official traffic control device.

 Having identified that Plaintiff was in violation of three Texas laws, the Court will evaluate the laws at issue to determine if they are permissible content neutral time, place, and manner restrictions. Because all three laws set forth similar restrictions, they will be evaluated together rather than separately.

First, the Court must decide if the statutes are within the constitutional power of the government. The laws in question all attempt to regulate the posting of signs on the highways. The power of the government to set laws regulating the safety and use of the roadways is well established and will not be re-examined here.

Second, the Court must determine if the statutes further a substantial government interest. The government has a substantial interest in ensuring that traffic is regulated to ensure the quick and efficient flow of commerce and to protect its citizens. If anyone were allowed to post signs

along the highway which resemble official traffic control devices then drivers and pedestrians would be flooded with signs that appear to regulate traffic. People traveling on the highways would have a difficult time distinguishing between official traffic control devices and signs posted by individuals who were attempting to express their opinions on any number of issues. This would make it more difficult for people to safely navigate the highways.

Third, the Court must evaluate if the statutes were unrelated to the suppression of free expression. The laws never mention any sort of expression either directly or indirectly, and it is difficult to imagine that these traffic laws were enacted or enforced to allow the government to limit expression. Rather, it is clear that the laws are intended to promote the safe use of the highways by allowing drivers and pedestrians to easily see and identify standardized traffic control devices without similar misleading signs serving as distractions.

Fourth, the Court must determine if the incidental restriction on speech is no greater than essential to further the government's interest. The statutes are all very specific, and pertain only to official traffic control devices or signs which resemble official traffic control devices. The laws do not place restrictions on any other types of signs, nor do they attempt to restrict all signs. As such, the laws do not pose a greater restriction than needed to safely regulate traffic.

Finally, the Court must examine if the laws unreasonably limit alternative avenues of free expression. These laws do not broadly limit free expression, but only limit the narrow circumstance in which an individual attempts to exercise his or her free expression on an official traffic control device. Plaintiff is free to post his message on any other type of base on his

property, as long as the sign complies with content-neutral laws. He could have chosen to post his sign in neon lights, or on the side of his building, or in any number of ways that would not have violated the laws at issue here.

In sum, the laws do not attempt to regulate or suppress speech, but merely pose an incidental time, place, and manner restriction on the exercise of free speech. The government clearly has a substantial interest in ensuring that the roadways are kept safe for the public. Sections 544.006(a)(1), 544.006(a)(3), and 544.005 are designed to increase the safety of the roadways by prohibiting the obstruction of official control devices, and by prohibiting signs which resemble official control devices from being posted. Despite the restrictions, Plaintiff retains many alternative methods to exercise his freedom of expression.

The need to safely regulate the streets through official signs demands greater protection than the Plaintiff's need to use this construction sign in aid of his free expression. First Amendment protections are essential to ensure free expression of ideas, but do not allow an individual to disregard public safety laws. Because Plaintiff chose to utilize an official traffic control device as the physical base for his expression, the method of expression is not protected.

As the method of expression used by Plaintiff is not protected, Plaintiff cannot establish that Defendants' issuance of a citation, or alleged threats, violated his First Amendment rights. As such, the Court finds that Plaintiff has not stated a claim under the First Amendment. Because Plaintiff has not established that Defendants violated his First Amendment rights, he has failed to demonstrate that qualified immunity does not apply. Defendants' Motion to Dismiss Plaintiff's First

Amendment claim as to the roadblock sign is granted.

## 2. Federal Fourteenth Amendment right against malicious prosecution

Defendants argue that Plaintiff cannot state a claim for malicious prosecution, as there exists no free standing malicious prosecution claim under 42 U.S.C. § 1983. Mot. to Dismiss 6.

Plaintiff responds by arguing that Defendants maliciously prosecuted him when Defendants filed criminal charges without probable cause. Pl.'s Resp. to Mot. to Dismiss 5–6. Plaintiff further argues that the District Attorney's dismissal of the charges establishes that there was no probable cause. *Id.*

■ Although there is not a free-standing claim of malicious prosecution under § 1983, initiating "criminal charges without probable cause may set in force events" that violate the U.S. Constitution. *Castellano v. Fragozo,* 352 F.3d 939, 953 (5th Cir.2003). In the absence of substantial conflict in the evidence, it is up to the court to determine probable cause. *Dougherty v. Szivos,* 209 F.2d 935, 937 (5th Cir.1954). When determining probable cause, the court uses a reasonable officer standard. *Maryland v. Pringle,* 540 U.S. 366, 371, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003).

■ In the instant case, Plaintiff's malicious prosecution claim is essentially a claim that Defendants violated his Fourteenth Amendment right to due process when Defendants issued a citation without probable cause. Although Plaintiff argues that the District Attorney's decision not to press charges establishes that there was no probable cause, he has provided no argument or authority in support of this position. The Court must determine prob-

able cause based on Defendants' knowledge rather than on the District Attorney's decisions.

Defendants reasonably issued a citation when they saw Plaintiff obstructing a construction sign in violation of §§ 544.006(a)(1)-(a)(3) and 544.005. When Defendants saw the obstructed construction sign, it established probable cause for Defendants to issue a citation. Because Defendants acted with probable cause, Defendants actions cannot lead to a violation of the Fourteenth Amendment. The Court finds that Plaintiff has not stated a claim under the Fourteenth Amendment. Because Plaintiff has not established that Defendants violated his Fourteenth Amendment rights, Plaintiff has failed to demonstrate that qualified immunity does not apply. Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment claim as to the roadblock sign is granted.

## 3. Equitable remedies

Defendants move to dismiss Plaintiff's requests for equitable relief as there is no controversy which could be resolved by equitable relief. Mot. to Dismiss 8–13. Defendants argue that Plaintiff was in violation of state law when Plaintiff utilized an official control device for his sign. *Id.* at 8.

Plaintiff has requested equitable relief under the U.S. Constitution. Pl.'s Compl. 9. Plaintiff has requested declaratory relief outlining his rights, as well as injunctive relief to prevent Defendants from taking retaliatory actions. *Id.*

■ When deciding whether to issue declaratory judgment, the court must consider three factors. *Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 895 (5th Cir. 2000). "First, the court must determine whether the declaratory action is justiciable." *Id.* Second, the court must deter-

mine if it has the authority to grant declaratory relief. *Id.* Lastly, the court must determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action. *Id.*

■■■ To receive injunctive relief the plaintiff must meet four requirements:

First, the movant must establish a substantial likelihood of success on the merits. Second, there must be a substantial threat of irreparable injury if the injunction is not granted. Third, the threatened injury to the plaintiff must outweigh the threatened injury to the defendant. Fourth, the granting of the preliminary injunction must not disserve the public interest.

*Harris County, v. CarMax Auto Superstores, Inc.,* 177 F.3d 306, 312 (5th Cir. 1999) (quoting *Cherokee Pump & Equip., Inc. v. Aurora Pump,* 38 F.3d 246, 249 (5th Cir.1994) (citations omitted)).

Because the Court has determined that Plaintiff has failed to establish a violation of his rights under the First or Fourteenth Amendments to the U.S. Constitution, there is no basis for Plaintiff's requests for equitable relief. Defendants' Motion to Dismiss Plaintiff's requests for equitable relief under federal law as to the roadblock sign is granted.

### C. State Claims

Defendants argue that this Court should dismiss Plaintiff's claim alleging violation of his right to be free from retaliation under Article I of the Texas Constitution. Mot. to Dismiss 10. Defendants argue that they did not violate Plaintiff's Article I right when they issued him a citation. *Id.* They further argue that they did not threaten Plaintiff, and that even if they did, they did not violate Plaintiff's rights in doing so. *Id.* at 10–11. Defendants also argue that this Court should dismiss Plaintiff's claim alleging malicious prosecution.

*Id.* at 10. Defendants argue that Plaintiff was not innocent, Defendants had probable cause to issue a citation, and Defendants did not act with malice. *Id.* Finally, Defendants argue that they are entitled to official immunity. *Id.* at 11.

Plaintiff responds by arguing that Defendants violated his rights under the Texas Constitution. Pl.'s Resp. to Mot. to Dismiss 8–9. Plaintiff argues that his Complaint is sufficient to establish a violation, and that Defendants are merely challenging the facts. *Id.* at 9. Additionally, Plaintiff argues that Defendants are not entitled to official immunity, as Defendants did not act in good faith when they issued a citation. *Id.* at 9–10. Plaintiff is seeking monetary damages, as well as equitable relief. *Id.* Each of these arguments will be discussed in turn.

### 1. State right against retaliation

■■■ Defendants argue that by enforcing a content neutral law, they did not violate Plaintiff's Article I right under the Texas Constitution. Mot. to Dismiss 11. Specifically, they argue that Plaintiff utilized a traffic control device as the base for his sign, and as such, Plaintiff violated a state law. *Id.* at 5.

Plaintiff responds by arguing that Defendants violated his right to free expression under Article I of the Texas Constitution. Pl.'s Resp. to Mot. to Dismiss 8–9. Specifically, Plaintiff argues that Defendants harassed and threatened him. *Id.* at 9. Plaintiff argues that the Texas Constitution guarantees at least as much protection as the First Amendment to the U.S. Constitution. *Id.* at 8. Plaintiff further argues that Defendants merely dispute the facts rather than challenge the pleadings. *Id.* at 9.

■■■ Rights of free speech under the Texas Constitution are not absolute.

*Kelley v. Tex. State Bd. of Med. Exam'rs*, 467 S.W.2d 539, 546 (Tex.Civ.App.1971). The courts must strike a balance between constitutional freedom and the State's interest in the welfare of its citizens. *Id.* Article I of the Texas Constitution may provide greater protection for free expression than the First Amendment to the U.S. Constitution. *Tex. Dept. of Transp. v. Barber*, 111 S.W.3d 86, 106 (Tex.2003). The greater protection, however, must be established by the text, history, or purpose of the provision. *Id.* Without justification for a greater protection, Article I of the Texas Constitution does not provide greater rights than the First Amendment to the U.S. Constitution. *Id.*

In the instant case, Plaintiff has not articulated any reason why Article I of the Texas Constitution provides greater protection than the First Amendment to the U.S. Constitution. Plaintiff has merely stated that there is greater protection. Without justification for greater protection, the Court utilizes the same standard for Article I claims under the Texas Constitution as for First Amendment claims under the U.S. Constitution. As previously examined, Plaintiff failed to state a claim under the First Amendment. Accordingly, Defendants' Motion to Dismiss Plaintiff's claim under Article I of the Texas Constitution as to the roadblock sign is granted.

### 2. State right against malicious prosecution

Defendants argue that Plaintiff has failed to establish all the elements necessary for a claim of malicious prosecution. Mot. to Dismiss 10. Specifically, Defendants argue that Plaintiff has not established (1) Plaintiff was innocent, (2) Defendants lacked probable cause, or (3) that Defendants acted with malice. *Id.*

Plaintiff responds by arguing that he has pled all elements necessary for a claim of malicious prosecution. Pl.'s Resp. to Mot. to Dismiss 6. Plaintiff argues that the prosecution terminated in his favor when the District Attorney's office dismissed the criminal charges. Pl.'s Compl. 8. Plaintiff further argues that Defendants used the citation as an attempt to punish Plaintiff. *Id.*

In order to establish a malicious prosecution claim in the State of Texas, Plaintiff must establish the following:

(1) the commencement of a criminal prosecution against the plaintiff;

(2) causation (initiation or procurement) of the action by the defendant;

(3) termination of the prosecution in the plaintiff's favor;

(4) the plaintiff's innocence;

(5) the absence of probable cause for the proceedings;

(6) malice in filing the charge; and

(7) damage to the plaintiff.

*Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex.1997).

The Court has already determined that Defendants acted with probable cause when they issued a citation. Therefore, Plaintiff has failed to establish all the elements necessary to establish a claim of malicious prosecution under the laws of Texas. Defendants' Motion to Dismiss Plaintiff's malicious prosecution claim under Texas law as to the roadblock sign is granted.

### 3. Official immunity

Defendants argue that they are entitled to official immunity for claims under the laws of Texas. Mot to Dismiss 11. Specifically, Defendants argue that they were performing discretionary duties, in good faith, and within the scope of their authority when they issued the citation. *Id.* 10–11.

Plaintiff responds by arguing that Defendants did not act in good faith when they issued the citation. Pl.'s Resp. to Mot. to Dismiss 9. Plaintiff argues he was harassed and threatened. *Id.*

Because the Court has already determined that Plaintiff has failed to state a claim under the laws of Texas, the Court need not make a determination on official immunity.

### 4. Equitable remedies

Defendants move to dismiss Plaintiff's requests for equitable relief as there is no controversy which could be resolved by equitable relief. Mot. to Dismiss 12–13. Defendants argue that Plaintiff violated safety laws. *Id.* at 8.

Plaintiff has requested equitable relief under the Constitution of the State of Texas. Pl.'s Compl. 9. Plaintiff has requested declaratory relief outlining his rights, as well as injunctive relief to prevent Defendants from taking retaliatory actions. *Id.*

 In Texas, declaratory judgment is appropriate if a justiciable controversy exists as to the rights and status of the parties and the controversy can be resolved by the declaration. *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex.1995); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). The court has discretion to enter a declaratory judgment if it will terminate the controversy or serve a useful purpose. *Beadle,* 907 S.W.2d at 468. The court cannot issue a declaratory judgment on a theoretical dispute, but only on a real controversy. *Beadle,* 907 S.W.2d at 467 (quoting *Bexar–Medina–Atascosa Counties Water Control & Improvement Dist. No. 1 v. Medina Lake Prot. Ass'n,* 640 S.W.2d 778, 779–80 (Tex.App.1982)).

 For the court to issue an injunction, Plaintiff must show a threat of imminent harm. *Operation Rescue–National v. Planned Parenthood of Houston and Se. Tex. Inc.,* 975 S.W.2d 546, 554 (Tex.1998). The Texas Practice and Remedies Code provides in part:

A writ of injunction may be granted if: (2) a party performs or is about to perform or is procuring or allowing the performance of an act relating to the subject of pending litigation, in violation of the rights of the applicant, and the act would render the judgment in that litigation ineffectual; (3) the applicant is entitled to a writ of injunction under the principles of equity and the statutes of this state relating to injunctions.

TEX. CIV. PRAC. & REM.CODE ANN. § 65.011(2–3) (Vernon 2007).

Because the Court has already determined that Plaintiff has failed to establish a violation of his rights under the laws and Constitution of the State of Texas, there is no basis for Plaintiff's requests for equitable relief. Defendants' Motion to Dismiss Plaintiff's request for equitable relief under state law as to the roadblock sign is granted.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 9) is **GRANTED** in part as to the roadblock sign, but **DENIED** in part as to the electric pole sign. Remaining before this Court are issues involving the electric pole sign. Accordingly, the parties are **HEREBY ORDERED** to submit a Report of Parties Planning Meeting in accordance with this Court's Standing Order Regarding Pretrial Deadlines *by no later than August 21, 2007.*

**SO ORDERED.**